IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWIN R. ADDISON,
    *Plaintiff*,

v.                              Civil Action No. ELH-17-523

KATHLEEN CESCA et al.,
    *Defendants*.

**AMENDED MEMORANDUM\***

Edwin R. Addison, the self-represented plaintiff, asks the Court to resolve a family dispute that is rooted in a potential inheritance. Addison alleges that his cousins, defendants Kathleen Cesca and Douglas Brown, have taken advantage of the parties' wealthy, elderly uncle, Vincent L. Vinella, Jr.[1] ECF 15 (Complaint) at 9.[2] According to plaintiff, Cesca and Brown have "'pillage[d]' Vinella's bank accounts, without his knowledge" (*id.* at 7), fraudulently obtained a power of attorney, and have diminished plaintiff's anticipated inheritance from Vinella. *Id.* ¶¶ 6-7. Therefore, plaintiff has filed suit to recover his uncle's stolen wealth and to report defendants' malfeasance to the Court. *See id.* at 7. Plaintiff has attached numerous exhibits to his Complaint.

---

    \* The Court has made a correction to the caption. The Memorandum remains unchanged.

    [1] The middle initial and the suffix "Jr." appear on various exhibits, although the parties do not refer to Mr. Vinella as such.

    [2] The original Complaint is docketed at ECF 1. However, as filed, that Complaint was missing several pages. At the Court's request (ECF 14), plaintiff filed a complete copy of the Complaint with the Court. ECF 15.

Addison asserts five claims against defendants, all under Maryland law, three of which are civil and two of which are criminal. *Id.* at 24-26.[3] Claim 1 is a claim for civil conversion, in which plaintiff alleges that defendants have "exploited [Vinella's] estate" and caused damage to Vinella as well as his heirs and remaindermen, including plaintiff. *Id.* at 24. In Claim 2, for detinue and replevin, plaintiff alleges that defendants, "using fraudulent powers of attorney . . . . unjustly detain" Vinella's property. *Id.* at 25. Claim 3 is for intentional interference with economic relations. Plaintiff alleges that defendants "willfully and wantonly and unlawfully exploited Vinella's estate causing damage to Vinella, his heirs and his remaindermen, including the Plaintiff." *Id.* In particular, plaintiff asserts that Vinella validly executed a Deed Transfer on June 5, 2007, granting himself a life estate in his own home and transferring the remaining interest to his relatives, including plaintiff, as remaindermen. *Id.* ¶ 19. According to plaintiff, defendants subsequently manipulated Vinella into signing a "Corrective Deed," which removed the remaindermen, including plaintiff, from the deed. *Id.* ¶ 22. Plaintiff maintains that this new deed is invalid. *Id.* Claim 4 alleges "a general theft claim against Defendants," under Md. Code, § 7-104 of the Criminal Law Article ("C.L."). *Id.* at 26. Claim 5 is another allegation of criminal conduct against the defendants, for elder abuse, under C.L. §§ 3-604, 3-605, and for false imprisonment. *Id.*

Defendants have moved to dismiss. ECF 7 ("Motion"). In support of the Motion, they have submitted several exhibits. Defendants argue that because Mr. Vinella is alive, plaintiff lacks any legal authority or standing to assert the claims in the Complaint on Vinella's behalf. *Id.* at 1, 2. In addition, defendants address the legal deficiencies of each claim. Plaintiff opposes the Motion. ECF 9 ("Opposition"). Defendants have replied. ECF 12.

---

[3] Jurisdiction is founded on diversity of citizenship, as plaintiff is domiciled in North Carolina and defendants live in Maryland. ECF 15 at 3; *see also* 28 U.S.C. §§ 1331, 1332.

The Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (per curiam) (same).[4]

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I. Standards of Review

Defendants have moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and under Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

### A. Rule 12(b)(1) Standard

A federal court's subject matter jurisdiction depends upon a plaintiff's standing. The question of standing concerns whether the litigant is "entitled to have the court decide the merits of the dispute." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In federal court, standing refers to both "the jurisdictional requirements of Article III and the prudential limits on its exercise." *United States v. Windsor*, ____ U.S. ____, 133 S. Ct. 2675, 2687 (2013); *see also*, *e.g.*, *Elk*

---

[4] Defendants urge the Court to take judicial notice of the fact that, since 2011, plaintiff has been a party to several cases in federal court. ECF 7 at 4 (citing four cases). Moreover, defendants point out that in the case of *Addison v. Manning*, No. 13-0661 (E.D.N.C.), at ECF 1, Addison claimed that he was enrolled in an on-line law school from 2010 through 2013. ECF 7 at 4. Nevertheless, I shall construe plaintiff's submissions in accordance with the standards that apply to a self-represented litigant.

*Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated in part by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, ____ U.S. ____, 134 S. Ct. 1377, 1387-88 (2014).

The jurisdictional standing requirements derive from the "case or controversy" limitation in § 2 of Article III of the Constitution. *See*, *e.g.*, *Hollingsworth v. Perry*, ____ U.S. ____, 133 S. Ct. 2652, 2662 (2013). Only a plaintiff who has standing to sue has a case or controversy under Article III. *Steel Co. v. Citizens For A Better Env't.*, 523 U.S. 83, 102 (1998). "Three inter-related judicial doctrines—standing, mootness, and ripeness—ensure that federal courts assert jurisdiction only over 'Cases' and 'Controversies.'" *Worth v. Jackson*, 451 F.3d 854, 855 (D.C. Cir. 2006) (citing U.S. Const. art. III, § 2.).

The case or controversy limitation "requires the litigant to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth*, 133 S. Ct. at 2662 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "In other words, for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." *Id.* In *Hollingsworth*, the Supreme Court explained, *id.* at 2667: "The Article III requirement that a party invoking the jurisdiction of a federal court seek relief for a particularized injury serves vital interests going to the role of the judiciary in our system of separated powers."

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166

F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *accord Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 524 (D. Md. 2014). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Defendants in this case raise a facial challenge to the Court's subject matter jurisdiction, based on the four corners of the Complaint.

### B. Rule 12(b)(6) Standard

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of*

*Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of

those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

As noted, both sides have submitted exhibits. Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*,

543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017; *Kensington Volunteer Fire Dep't. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains,* gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

Plaintiff's Exhibit 1 is a Power of Attorney agreement (ECF 15 at 29-32), which plaintiff contends is fraudulent and invalid. His Exhibit 2, a Deed (*id.* at 33-36), is purported to be valid, and may be understood to give rise to one of his claims. *See id.* at 25. Plaintiff's Exhibit 3, a Corrective Deed (*id.* at 37-38), is also purported to be fraudulent. His Exhibit 4 is another purportedly invalid Deed. *Id.* at 39-45. Exhibit 5 is email correspondence between plaintiff and

an attorney not involved in the suit. *Id.* at 46. Exhibit 6 is a purportedly invalid Medical Power of Attorney. *Id.* at 47-49. Exhibit 7 is an electronic case record from the District Court for Howard County, Maryland, denying a restraining order against a Paul Douglas Remson, who is not a party to this suit. *Id.* at 50. Because the exhibits are attached to and incorporated by reference into the Complaint, I shall consider these exhibits to the extent they bear on plaintiff's claims.

Defendants have attached exhibits to their Motion for the purpose of rebutting several of plaintiff's claims. *See* ECF 7-1, 7-2, 7-3. These include the Power of Attorney agreement (ECF 7-2), which defendants claim—*contra* plaintiff—is valid (ECF 7 at 9-10); as well as correspondence from the Howard County Department of Social Services and the State's Attorney's Office for Howard County. ECF 7-1; ECF 7-2. However, these documents are not incorporated into or otherwise "integral to the complaint." *Goines*, 822 F.3d at 165. Therefore, it is inappropriate to consider these exhibits at the motion to dismiss stage. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015).

## II. Discussion

### A. Standing

Defendants argue that plaintiff lacks standing to bring any of his claims and, as such, the Court lacks subject matter jurisdiction. ECF 7 at 2. Plaintiff responds that this Court has subject matter jurisdiction over plaintiff's claim for intentional interference with economic relations, and "ancillary jurisdiction over the remainder of the claims." ECF 9 at 7. The primary roadblock to plaintiff's position is that he is asserting his claims on behalf of his uncle, who is alive, but plaintiff is not his uncle's attorney or his legal guardian.

Even assuming that this Court has jurisdiction to decide plaintiff's claim for intentional interference with economic relations, ancillary jurisdiction is not a substitute for an actual case or controversy. Courts have generally found ancillary jurisdiction "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, . . . and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994) (citations omitted). But, regardless of whether plaintiff can assert that his claims are factually interdependent, to meet the "'irreducible constitutional minimum of standing' . . . . there must be alleged (and ultimately proved) an 'injury in fact'—a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent, not "conjectural" or "hypothetical."'" *Steel Co.*, 523 U.S. at 102-03 (citations omitted). If there is no "harm suffered by the plaintiff," there can be no jurisdiction in federal court for that claim, even if it is brought alongside another claim that is properly pleaded.

With the possible exception of plaintiff's claim for interference with economic relations, discussed *infra*, all of plaintiff's claims concern defendants' alleged wrongs against Vinella, not plaintiff. ECF 15 at 24-26. Plaintiff does not have standing to assert these claims, and therefore they must be dismissed.

### B. Failure to State a Claim

Even if plaintiff has standing to assert one or all of these claims, they cannot survive a 12(b)(6) motion to dismiss for failure to state a claim.

### 1. Civil Conversion

In Claim 1, plaintiff has not stated a claim for civil conversion. Indeed, plaintiff states in his Complaint that one of the prongs of a claim of civil conversion is that the plaintiff must show

legal title to the property. ECF 15 at 24. The requirement of this element is supported by Maryland law. *See, e.g.*, *Yuan v. Johns Hopkins Univ.*, 452 Md. 436, 463, 157 A.3d 254, 269 (2017) ("'The gist of a conversion is not the acquisition of the property by the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled.'" (quoting *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 261-62, 841 A.2d 828, 835-36 (2004))); *Lawrence v. Graham*, 29 Md. App. 422, 426-27, 349 A.2d 271, 273-74 (1975) (stating that plaintiff must be entitled to the property to make a claim of conversion).

Plaintiff has not alleged legal title to the property in question, or even possession of the property. At best, he claims prospective damage, and only derivatively, insofar as the damage to Vinella, and to Vinella's future estate, might affect him as one of Vinella's heirs and remaindermen. ECF 15 at 24. This speculative interest in someone else's property does not support a claim for conversion, nor does it confer standing. Therefore, I shall dismiss plaintiff's claim for civil conversion.

### 2. Detinue and Replevin

To maintain an action in detinue, the plaintiff must be entitled to physical possession of the property. *See Durst v. Durst*, 232 Md. 311, 314, 193 A.2d 26, 28 (1963). Likewise, "'[i]n a replevin action, a party seeks . . . to recover specific goods and chattels to which he or she asserts an entitlement to possession.'" *111 Scherr Lane, LLC v. Triangle Gen. Contracting, Inc.*, 233 Md. App. 214, 237, 163 A.3d 248, 261 (2017) (quoting *Dehn Motor Sales, LLC v. Schultz*, 439 Md. 460, 486, 96 A.3d 221 (2014)). Plaintiff concedes as much in his Complaint. ECF 15 at 25 ("To make a case for replevin, the suing person must show that he/she has an immediate right to possession to the property."). Plaintiff has not alleged a right to possession. Therefore, plaintiff's claim must fail.

### 3. Criminal Conversion, Elder Abuse, and Criminal False Imprisonment

Plaintiff alleges several crimes in his Complaint, framed as criminal conversion of property under C.L. § 7-104 (Claim 4); elder abuse under C.L. §§ 3-604 and 3-605; and criminal false imprisonment, presumably under Maryland common law (Claim 5). ECF 15 at 26. It is well established, however, that a private citizen cannot institute criminal prosecutions. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Atiemo v. Proctor*, PX-16-3762, 2016 WL 7012300, *1 (D. Md. Dec. 1, 2016) (dismissing plaintiff's claims based on criminal statutes because the statutes do not confer the right to civil enforcement through a private cause of action); *Zegato Travel Sols., LLC v. Bailey*, TDC-14-3808, 2014 WL 7365807, at *2 (D. Md. Dec. 22, 2014) ("Private citizens do not have the right to institute a criminal prosecution or to enforce criminal statutes.").

Plaintiff appears to recognize this principle. He states in his Opposition that he merely wishes to bring defendants' alleged crimes to the Court's attention, for the Court's own consideration. ECF 9, ¶ 18.

To the extent plaintiff has attempted to state claims for a violation of these criminal statutes and/or the common law, the claims are subject to dismissal.

### 4. Intentional Interference with Economic Relations

In his Opposition, plaintiff appears to equate his claim for "intentional interference with economic relations" with a claim for "tortuous [sic] interference with expected inheritance." ECF 9, ¶ 5. Plaintiff states: "Many jurisdictions recognize 'tortuous [sic] interference with inheritance' as a cause of action, but Maryland does not." *Id.* "However," plaintiff continues,

"the Maryland Court of Appeals has suggested a roadmap for causes of action similar to this." *Id.* Plaintiff then engages in analysis of the decision of the Maryland Court of Appeals in *Anderson v. Meadowcroft*, 339 Md. 218, 661 A.2d 726 (1995), leading him to conclude that "[t]he Court of Appeals did not lucidly state this roadmap, but indisputably conveyed a path." ECF 9, ¶ 10.

In *Anderson*, the Maryland Court of Appeals had considered adopting the tort of interference with expected inheritance, but found no need to do so because the plaintiff had not alleged an element of the hypothetical tort. *Id.* at 227, 661 A.2d at 730. Plaintiff offers no authority beyond *Anderson* for the viability of his claim.

However, after *Anderson*, in *Geduldig v. Posner*, 129 Md. App. 490, 508-09, 743 A.2d 247, 257 (Md. Ct. Spec. App. 1999), the Maryland Court of Special Appeals also declined to explicitly recognize the tort. Nevertheless, it held open the door, predicting "that the Court of Appeals would recognize the tort if it were necessary to afford complete, but traditional, relief."

For several reasons, this claim must fail. For one, plaintiff did not plead tortious interference with expected inheritance in his Complaint. Rather, he pleaded intentional interference with economic relations. ECF 15 at 25. "[T]o establish a claim for intentional interference with economic relationships, a plaintiff must demonstrate '(1) intentional and willful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting.'" *Painter's Mill Grille, LLC*, 716 F.3d at 354 (emphasis omitted) (quoting *Alexander & Alexander Inc. v. B. Dixon Evander & Assocs., Inc.*, 336 Md. 635, 652, 650 A.2d 260, 269 (1994)). Plaintiff has not alleged that defendants' actions were calculated to cause damage to any "lawful business" of

plaintiff. Nor can plaintiff show "actual damage and loss resulting" because, as discussed, plaintiff has no present interest in Vinella's property.

Likewise, even if plaintiff had pleaded a claim for tortious interference with expected inheritance, that claim would also fail. Judge Bredar of this Court recently considered a complaint in which a plaintiff had alleged interference with expected inheritance and, following the guidance of *Geduldig*, found that it stated a claim. *See Kafka v. Hess*, JKB-16-1757, 2017 WL 2439142, at *10 (D. Md. June 6, 2017). Notably, however, Judge Bredar observed that "the tort does not accrue until the death of the person from whom a plaintiff expects to inherit; this is so because the tort includes the element of damage to the plaintiff, and damage does not occur until the plaintiff does not receive the expected inheritance upon the decedent's death." *Id.* Vinella is not dead. ECF 15 at 10-11. Therefore, plaintiff has not suffered damage.

Because plaintiff has failed to state a claim for either intentional interference with economic relations, as he has pleaded, or for tortious interference with expected inheritance, as he has argued, the claim is subject to dismissal.

### III. Conclusion

For the reasons stated above, I shall GRANT defendant's motion to dismiss.

An Order follows, consistent with this Memorandum.


Date: November 9, 2017                                /s/
                                                     Ellen Lipton Hollander
                                                     United States District Judge